UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KLM MARKETING, LLC,

                                    *Plaintiff,*

                    -against-

SAMSUNG OPTO-ELECTRONICS
AMERICA INC. d/b/a HANWHA TECHWIN
AMERICA,

                                    *Defendant.*

---

No.: _____

**COMPLAINT**

Plaintiff KLM Marketing, LLC ("Plaintiff" or "KLM"), by and through its counsel,

Kirsch & Niehaus, PLLC, as and for its Complaint alleges as follows:

## NATURE OF THE ACTION

     1.     KLM brings this action to recover funds due and owing to KLM under

a June 1, 2013 Sales Representative Agreement (the "Agreement") between KLM

and Defendant Samsung Opto-Electronics America Inc. d/b/a Hanwha Techwin

America ("Hanwha").

     2.     Hanwha retained KLM as a sales representative of Hanwha, selling

electronic security hardware. Pursuant to the Agreement, KLM was to be paid

commissions on Hanwha products that it sold within its multi-state territory.

However, after terminating the Agreement, Hanwha now refuses to pay the final

set of commissions duly owed to KLM.

1

3.      Adding insult to injury, around the same time that it terminated the Agreement, Hanwha attempted to poach one of KLM's employees.  Hanwha acknowledged the outstanding commissions and offered to pay them if only KLM would waive the non-compete provision preventing the employee from joining Hanwha.

4.      Accordingly, KLM brings this action to recover its estimated $120,000 in unpaid commissions, plus interest thereon, which Hanwha owes KLM under the terms of the Agreement.

## THE PARTIES, JURISDICTION AND VENUE

5.      Plaintiff KLM is a Virginia Limited Liability Corporation with its principal place of business in Mechanicsville, Virginia.  Paul Walter is the sole member and manager of KLM, and Mr. Walter resides in Mechanicsville, Virginia.

6.      Defendant Hanwha is a New Jersey Corporation with its headquarters located in Teaneck, New Jersey.  Hanwha does extensive, ongoing and systematic business within this District.

7.      This Court has jurisdiction based on diversity of citizenship between the parties, and in that the amount in controversy exceeds $75,000.  Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

8.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) because defendant Hanwha is subject to this Court's personal jurisdiction and is thus deemed to reside in this District pursuant to 28 U.S.C. § 1391(c)(2); and pursuant to a venue provision in the Agreement in which the parties agreed that "the state and

federal courts located in New York County, State of New York, shall have sole and exclusive jurisdiction and venue over any suit, dispute, claim or controversy arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation or validity thereof."

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

*The Agreement and Breach*

9.     KLM is an independent sales representative for manufacturers of electronic security hardware.

10.     Hanwha manufactures security cameras and surveillance equipment for network-based systems.

11.     In June 2013, Hanwha executed the Agreement with KLM, pursuant to which KLM would serve as a sales representative of Hanwha's products within a "Territory" defined in the Agreement as Delaware, Maryland, Virginia, the District of Columbia, and portions of Eastern Pennsylvania and Southern New Jersey.  A copy of the Agreement is attached hereto as Exhibit A.

12.     Pursuant to the Agreement, KLM was to be paid "Commissions" for the Hanwha products that it sold based on a "Commission Formula."  (Exhibit A, Agreement §§ 1.3, 4.2, 4.3.)  Essentially, after the first year, KLM was to be paid a 6% commission on the "net invoice price" of Hanwha products that it sold within its multi-state Territory. (Id. § 1.12.)  This percentage was reduced by agreement of the parties to 5% in 2015.

13.     Commissions were to be paid within 30 days of the close of Hanwha's billing period to which the relevant invoices related. (Agreement § 4.5.)

14.     Hanwha was permitted to terminate the Agreement for any reason or for no reason upon 30 days' notice or immediately pursuant to certain changes of ownership in KLM.  (Agreement § 8.6.)

15.     At the conclusion of the Agreement's term, KLM was to be paid on orders obtained during the term of the Agreement and for 30 days after the end of the term. (Agreement § 4.4.)

16.     A final reconciliation and payment of KLM's Commissions account was to occur within 130 days of the termination of the Agreement.  (Agreement § 8.)

17.     On December 4, 2017, Hanwha gave notice that the Agreement would be terminated via an e-mail and attached letter, each from Thomas Cook, Hanwha's Senior VP of Sales for North America, to KLM's principal, Paul Walter.

18.     The email acknowledged that per Section 8.6 of the Agreement, Hanwha was providing KLM with 30 days' notice of the termination and further noted that: (i) KLM would continue to "represent Hanwha Techwin America for the next 30 days or month of December 2017 per the contract terms of our original agreement," and (ii) Hanwha "expect(s) our teams to continue to work together during this period."

19.     Thus, pursuant to Section 8.6 of the Agreement, the Agreement on January 3, 2018 – 30 days after Hanwha provided written notice of termination via e-mail from Mr. Cook.

20.     In accordance with the terms of the Agreement, KLM was entitled to receive Commissions on Purchase Orders (as defined in the Agreement) obtained through February 2, 2018 – 30 days following the end of the term of the Agreement. (Agreement § 4.4.)

21.     However, Hanwha refused to pay KLM its Commissions due for November 2017, December 2017, January 2018, and February 1-2, 2018.  Hanwha also refused to provide the accounting and reconciliation required by the Agreement.

22.     Nothing in the Agreement permits Hanwha to cancel the reconciliation or to withhold Commissions.

23.     Hanwha has never provided any accounting or reconciliation to KLM for the Commissions owed from November 1, 2017 through February 2, 2018.

24.     Based on KLM's average sales, which top $600,000 per month, a total of at least $120,000 in Commissions is due to KLM.

25.     Section 13 of the Agreement provides:

> In the event any suit is brought by any party hereto to enforce the terms of this Agreement, the prevailing party shall be entitled to the payment of its reasonable attorney's fees and costs.

(Exhibit A, Agreement § 13.)

*Hanwha Acknowledges that the Commissions are Due*

26.     In November 2017, Hanwha extended an offer of employment to a then-current KLM employee, Jason Adkins.

27.     When Mr. Adkins provided notice to KLM, Mr. Walter secured Mr.

Adkins' laptop and other KLM property. Upon review of the laptop documents, Mr.

Walter located a history of downloads of the entire KLM customer base.

28.     Mr. Walter provided notice to Hanwha and to Mr. Adkins that due to a

non-compete clause contained in Mr. Adkins' employment contract with KLM, he

would not be permitted to work for Hanwha, as Hanwha was a product line that

KLM had represented.

29.     In response, Mr. Cook, on behalf of Hanwha, offered to pay the

outstanding Commissions if only KLM would waive Mr. Adkins' non-compete clause

and permit Mr. Adkins to work at Hanwha. Mr. Walter did not take him up on this

offer.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

30.     Plaintiff repeats and realleges the allegations of the preceding

paragraphs as though restated herein.

31.     The Agreement is a duly formed and binding contract between KLM

and Hanwha.

32.     Pursuant to the Agreement, KLM agreed to obtain Purchase Orders for

Hanwha and Hanwha agreed to compensate KLM with Commission payments for

those services in accordance with the terms of the Agreement.

33.    In the event that the Agreement was terminated, KLM was entitled to

receive Commissions on Purchase Orders obtained through the end of the term of

the Agreement, plus 30 days following the termination of the Agreement.

34.    KLM at all times performed its obligations under the Agreement and

continued to do so after the termination of the Agreement on January 3, 2018, until

30 days following the Agreement's termination on February 2, 2018.

35.    In breach of its contractual obligations, Hanwha failed to provide

reconciliation, accounting, and payment of KLM's Commissions from November 1,

2017 through February 2, 2018.

36.    As a direct and proximate result of Hanwha's breach, KLM has been

damaged in an amount to be proven at trial, but believed, on information, belief and

prior experience to be in excess of $120,000.

37.    Pursuant to Section 13 of the Agreement, KLM is further entitled to its

reasonable attorneys' fees and costs incurred in enforcing the terms of the

Agreement.

SECOND CAUSE OF ACTION

(Alternative Pleading -- Unjust Enrichment)

38.    Plaintiff repeats and realleges the allegations of the preceding

paragraphs as though restated herein.

39.    In the event that Hanwha denies the enforceability of the Agreement,

KLM pleads in the alternative that Hanwha has been unjustly enriched by its

refusal to pay the Commissions as due.

40.     Hanwha was enriched by KLM, in that KLM expended significant time, effort, and expense to sell Hanwha products.

41.     It would be against equity and good conscience to permit Hanwha to keep the benefits of KLM's efforts without fairly compensating KLM.

42.     Hanwha has been unjustly enriched to KLM's detriment in an amount to be proven at trial, but believed on information, belief, and past experience to exceed $120,000.

**WHEREFORE**, KLM Marketing, LLC respectfully demands that judgment be entered in its favor as follows:

(a)   On each Cause of Action, damages in an amount to be proven at trial, but believed to be in excess of $120,000;

(b)   Statutory interest running from May 13, 2018, the date 130 days from the termination of the Agreement;

(c)   The costs of this suit, including attorneys' fees, pursuant to Section 13 of the Agreement; and

(d)   Such other relief as the Court deems just and proper.

Dated:        New York, New York
              November 22, 2022

                              **KIRSCH & NIEHAUS, PLLC**

                              */s/ Paul R. Niehaus*
                              Paul R. Niehaus
                              950 Third Avenue, Suite 1900
                              New York, New York  10022
                              Tel: (212) 631-0223
                              paul.niehaus@kirschniehaus.com

                              *Attorneys for KLM Marketing, LLC*

8